IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jamie Gaines, | : | |
| | | Civil Case No. 2:12-cv-1103 |
| Petitioner | : | Criminal No. 2:07-cr-239 |
| | | |
| v. | : | Judge Smith |
| | | |
| United States of America, | : | Magistrate Judge Abel |
| | | |
| Respondent | : | |

# REPORT AND RECOMMENDATION

Petitioner Jamie Gaines, a prisoner at FCI Elkton, brings this action for writ of habeas corpus under 28 U.S.C. §2255.  This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2255 Cases in United States District Courts.

On February 1, 2008, petitioner Gaines pleaded guilty to a one count one of an information charging him with possessing with intent to distribute over 500 grams[1] of cocaine. (Doc. 11.) On December 3, 2008, he was sentenced to a term of 105 months in prison and four years of supervised release. (Doc. 31.) Gaines did not appeal the sentence.

---

[1] The plea agreement states that the parties agreed that Gaines's relevant conduct was 2,746 grams of cocaine and 7 kilograms of marijuana. November 27, 2007 Plea Agreement, ¶ 8, Doc. 2.

The petition makes the following allegations:

Ground One:   There was an error in applying a United States Sentencing Guideline (USSG) provision at §4A1.2(k), which resulted in an extra and erroneous criminal history point in my Presentence Report (PSR).

Ground Two:   Gaines was scored TWO criminal history points for PSR Item 48 under USSG §4A1.1(b) when he should have been scored only ONE point under §4A1.1(c).

Ground Three: There is a third independent error in my criminal history score because I was actually NOT "on probation" during the commission of my instant offense.

Ground Four:  I did not receive the effective assistance of counsel at sentencing when multiple criminal history errors went unaddressed and raised my sentence improperly.

(Doc. 40, PageID 89-90 and 92-93.)

The petition for writ of habeas corpus herein was filed November 30, 2012. Under the provisions of 28 U.S.C. § 2255, 6th paragraph, there is a one-year period of limitation for persons filing a motion to vacate sentence. The limitation period begins to run from the date the judgment became final by the conclusion of direct review. *Id.*[2]

---

[2] The Antiterrorism and Effective Death Penalty Act of established a 1-year period of limitations on motions by prisoners seeking to modify their federal sentences:
    The limitation period shall run from the latest of--
        (1) the date on which the judgment of conviction becomes final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims

Petitioner was convicted December 3, 2008. He did not file a direct appeal; consequently, his conviction became final ten days later. He had one year from the date his conviction became final by conclusion of direct review to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2255, 6th paragraph, subparagraph (1). He failed to do so. Further, the petition fails to allege any extraordinary circumstances, beyond petitioner's control, that made it impossible to file a petition on time. See, *Calderon v. United States District Court*, 112 F.3d 386, 391-92 (9th Cir. 1997).

Petitioner asserts that the statute of limitations should be tolled by § 2255, 6th paragraph, subparagraphs (2) and (4). But he does not explain what impediment prevented him from identifying the alleged sentencing guideline calculations errors at the time of sentencing. Consequently, the petition is barred by the statute of limitations.

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED for failure to file the petition within the one-year period of limitation created by 28 U.S.C. §2244(d)(1).

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof

---

   presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255, ¶ 6

in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

        s/Mark R. Abel
        United States Magistrate Judge